**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4219**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

FRED CARRASCO, JR., a/k/a Aaron Bryant,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:13-cr-00199-RJC-1)

Submitted: October 15, 2015      Decided: October 19, 2015

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Carol Ann Bauer, Morganton, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fred Carrasco, Jr., appeals his convictions and sentence imposed following his guilty pleas, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute at least 1000 kilograms of marijuana and at least 500 grams of cocaine, in violation of 21 U.S.C. § 846 (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). We dismiss the appeal.

Carrasco argues on appeal that his counsel provided ineffective assistance by improperly advising him prior to his guilty plea. To establish ineffective assistance of counsel in the context of a guilty plea, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," Hill v. Lockhart, 474 U.S. 52, 59 (1985). Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the

2

record. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Because the record does not conclusively establish ineffective assistance of counsel, we conclude that Carrasco's ineffective assistance claim should be raised, if at all, in a § 2255 motion. Accordingly, we dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>